# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS POLICE PROTECTIVE
ASSOCIATION METRO, INC., A NON-
PROFIT CORPORATION,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, AN AGENCY OF THE
STATE OF NEVADA,
Respondent.

No. 83960

FILED

NOV 3 0 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment in an action for declaratory and injunctive relief. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellant Las Vegas Police Protective Association Metro, Inc. (LVPPA) claimed that respondent Las Vegas Metropolitan Police Department (LVMPD) mandated overtime for its employees in violation of the parties' Collective Bargaining Agreement (CBA). LVPPA sued in district court, asking the court to find that the CBA could not be interpreted to allow LVMPD to mandate overtime and to grant LVPPA a preliminary injunction to stop LVMPD from mandating overtime. The district found that the plain language of the CBA allowed LVMPD to mandate overtime and denied the preliminary injunction. LVPPA appeals, arguing that the district court's interpretation of the CBA is erroneous and that it was entitled to injunctive relief. We disagree.

"This court reviews a district court's interpretation of a contract, a question of law, de novo." *Nev. State Educ. Ass'n v. Clark Cty. Educ. Ass'n*, 137 Nev. 76, 80, 482 P.3d 665, 671 (2021). When interpreting

22-37458

a contract on de novo review, the objective "is to discern the intent of the contracting parties." *Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (internal quotation marks omitted). "Therefore, the initial focus is on whether the language of the contract is clear and unambiguous; if it is, the contract will be enforced as written." *Id.*

The disputed language is located primarily in Article 18 of the CBA:

### ARTICLE 18 – HOURS

. . . .

*18.4 Overtime.* Overtime pay is defined as additional compensation earned by an employee who is held over on his regularly scheduled tour of duty, or is requested to return to duty at a time that is more than 12 hours after notice is given. . . .

. . . .

Officers who voluntarily sign up for overtime and are called to work the overtime, are not entitled to travel time or callback pay.

*Compensatory Time.* Overtime (excluding callback and reimbursable hours) may be paid in the form of compensatory time off. Employees will have the option of choosing whether overtime hours worked will be paid or accumulated as compensatory time – this selection is irrevocable except under the following circumstances:

    A.    Death of the employee (in this event, payment will be made to the beneficiary);

    B.    Involuntary separation of the employee;

    C.    The Department may specify that some voluntary overtime assignments may only be paid as compensatory time; or

SUPREME COURT
OF
NEVADA

(O) 1947A

2

> D. In some circumstances, such as New Year's Eve, where overtime is mandatory, the Department may require that the overtime be paid.
>
> . . . .
>
> *Resident Officers.*
>
> . . . .
>
> The following payment classifications have been created to help determine how to count hours worked:
>
> . . . .
>
> - Special Circumstances Overtime: New Year's Eve, Laughlin River Run or any other overtime that is authorized by the Section Lieutenant or above.[1]

LVPPA argues that the word "requested" as used in Article 18.4's definition of "Overtime" is a permissive, rather than a mandatory, verb. We disagree and conclude that, reading the CBA as a whole, Article 18.4 clearly supports a mandatory interpretation. *See Fed. Nat'l Mortg. Ass'n v. Westland Liberty Vill., LLC*, 138 Nev., Adv. Op. 57, 515 P.3d 329, 334 (2022) ("Contracts must be read as a whole without negating any term.").

Additionally, LVPPA argues that the mandatory overtime referenced in the Compensatory Time subsection of Article 18.4 refers only

---

[1]We note that this language is taken from the 2016-2019 version of the CBA, which is the version that the district court had before it and from which the parties cite in their briefing before this court. We note that in 2019, the parties entered into a second collective bargaining agreement. Because the disputed language is the same in both versions, the parties do not dispute that the controversy regarding whether the CBA permits mandatory overtime is still live.

to a method of compensation. However, paragraphs C and D of that subsection establish the types of compensation an employee is entitled to *depending on whether overtime is voluntary or mandatory*. For instance, paragraph C provides that voluntary overtime can "only be paid as compensatory time," whereas paragraph D "require[s] that the [mandatory] overtime be paid." Paragraphs C and D appear sequentially and are separated with an "or," juxtaposing compensation for voluntary overtime on the one hand from mandatory overtime on the other.[2]

For these reasons, we conclude that the plain language of the CBA clearly permits LVMPD to mandate overtime. We thus concluded that the district court did not err in denying LVPPA's request for declaratory relief and subsequently denying LVPPA's motion to enjoin LVMPD from mandating overtime. Accordingly, we

ORDER the judgment of the district court AFFIRMED

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

[2]LVPPA also argues that the language appearing in the Resident Officers subsection of Article 18.4 does not support an interpretation allowing mandatory overtime because that subsection only applies to resident officers. We need not reach this argument because, even if true, other provisions of the CBA clearly allow mandatory overtime. Further, we do not reach the parties' arguments regarding parol evidence because the language of the CBA itself is clear. *See Davis*, 128 Nev. at 321, 278 P.3d at 515.

cc:    Hon. Timothy C. Williams, District Judge
Ara H. Shirinian, Settlement Judge
Sgro & Roger
David J. Roger
Marquis Aurbach Chtd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A